UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-365-FDW

| | |
|---|---|
| ADAM W. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THOMAS A. HAMILTON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2).

## I. BACKGROUND

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 while incarcerated at the Marion Correctional Institution. He names as the sole Defendant Assistant Unit Manager Thomas A. Hamilton.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff alleges that Defendant Hamilton violated his First Amendment rights by instructing staff to makes inmates go to the showers clad only in boxers even though his religion, Shin Muslim, requires him to be clothed above the belt to below the ankles at all times. He alleges that he is suffering spiritual and mental injury. He requests as relief "[t]hat the NCDPS Policy be know that we can cover our self rigth and my Truth Fund Acc be clear and $1,000 be but on it." (Doc. No. 1 at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or

1

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief.

2

Id.

**III. DISCUSSION**

The First Amendment of the Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend I. The First Amendment applies to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). For government conduct to survive scrutiny under the Establishment Clause, "(1) it must have a secular purpose; (2) its principal or primary effect must neither advance nor inhibit religion; and (3) it must not foster an excessive government entanglement with religion." Buxton v. Kurtinitis, 862 F.3d 423, 432 (4th Cir. 2017) (citing Lemon v. Kurtzman, 403 U.S. 602, 612–13 (1971)); see also Madison v. Riter, 355 F.3d 310, 316 (4th Cir. 2003). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In deciding whether a defendant's actions can be sustained as reasonably related to legitimate penological interests, the court must consider the following four factors: (1) whether there is a valid, rational connection between the regulation and the legitimate penological interest; (2) whether there are alternative means of exercising the right in question that remain open to prisoners; (3) the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and (4) whether ready alternatives exist which accommodate the right and satisfy the penological interest. See Turner, 482 U.S. at

3

89-90.

Plaintiff has adequately alleged that he has a sincerely held religious belief that is being substantially burdened by Defendant's actions and therefore his First Amendment claim will be allowed to proceed.

**IV. CONCLUSION**

Plaintiff's First Amendment claim is sufficient to pass initial review. The Clerk of Court will be instructed to commence the procedure for waiving service of process.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), survives initial review on Plaintiff's First Amendment claim against Defendant Hamilton.

2. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

3. **IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to commence the procedure for waiver of service as set forth in Local Rule 4.3 for **Defendant Thomas A. Hamilton** who is a current or former employee of NCDPS.

Signed: February 11, 2019

Frank D. Whitney
Chief United States District Judge