IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00365-MR

| ADAM W. HALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| THOMAS A. HAMILTON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment [Doc. 37].

**I.    BACKGROUND**

The incarcerated Plaintiff, proceeding *pro se*, filed this action on December 15, 2018[1] pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution.[2] The sole Defendant is Thomas A. Hamilton, a Marion C.I. unit manager. The Complaint passed initial review on a First Amendment claim that Defendant

---

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Plaintiff is presently incarcerated at the Scotland C.I.

Hamilton interfered with the free exercise of the Plaintiff's religion by forcing him to wear only a t-shirt and boxer shorts on the way to the shower. [Doc. 6]. The Plaintiff seeks a change in the North Carolina Department of Public Safety's ("NCDPS") policies and an award of damages in the amount of $1,000.

Defendant Hamilton now moves for summary judgment with respect to the Plaintiff's claim. [Doc. 37]. On May 5, 2021, the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 41]. The Plaintiff filed a Response[3] that he "swear[s] … to be the thurth [sic] and nothing but the thurth [sic] so help [him] (Allah = God)"[4] to which no exhibits are attached. [Doc. 42]. Defendant Hamilton has filed a Notice of Intent to Not File a Reply. [Doc. 43]. This matter is now ripe for disposition.

---

[3] Plaintiff raises new allegations for the first time in the Response, including a claim that he was assaulted by staff at Scotland C.I. These allegations were not included in the Complaint, did not pass initial review, and are not properly before the Court. See Fed. R. Civ. P. 15 (addressing amendment). Therefore, they will not be considered at this time.

[4] A verification is required to be in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)." 28 U.S.C. § 1746(2). For the purposes of the present motion, the Court will consider the Plaintiff's Response to be verified.

2

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to

3

"depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

"As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, it is well established that "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." Id. (citing Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (*per curiam*)); see also World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., 783 F.3d 507, 516 (4th Cir. 2015) (same). Further, "an amended complaint does not divest an earlier verified complaint of its evidentiary value as an affidavit at the

4

summary judgment stage." Goodman v. Diggs, 2021 WL 280518, at *5 (4th Cir. Jan. 28, 2021).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. FACTUAL BACKGROUND

Viewing the parties' forecasts of evidence in the light most favorable to the Plaintiff, the following is a recitation of the relevant facts.

The Plaintiff describes himself as a Shia Muslim. [Doc. 1: Complaint at 2; Doc. 42: MSJ Response at 3]. On December 15, 2018, the Plaintiff and other inmates were told by night staff that they were allowed to wear only boxers and a t-shirt on the way to the shower. [Doc. 47-17: Grande Ex. 13 at 2]. According to the Plaintiff, his religion requires him to cover his lower body with clothing to the ankle.[5] [Doc. 1: Complaint at 2; Doc. 42: MSJ Response at 2].

---

[5] NCDPS's religious manual for Islamic practices contains no such restriction. [Doc. 40-

5

The Plaintiff filed a grievance on December 17, 2018, complaining that he was not being allowed to cover himself in accordance with "Islam Laws" on the way to the shower. [Doc. 47-17: Grande Ex. 13 at 2]. He asked to be allowed to cover himself appropriately or to be transferred to another prison. [Id.]. The grievance was denied at Step One in a Response stating:

> … E-Unit Management reports all E-Unit Offenders are allowed to wear boxers, t-shirt and shower shoes to the shower. Offenders also may have a towel and wash cloth when escorted to showers. Offenders are escorted in this manner to prevent the flow of contraband throughout the unit. At no time does this violate any offenders['] religious liberties. All offenders are completely covered going to and from the shower areas.

[Doc. 40-17: Grande Ex. 13 at 3].

The Plaintiff's Step Two appeal was denied, and the Plaintiff appealed to Step Three. [Doc. 40-17: Grande Ex. 13 at 4]. While that appeal was pending, the Plaintiff filed the present action. [Doc. 1]. The Inmate Grievance Resolution Board issued a Step Three Response on February 11, 2019, dismissing the Plaintiff's appeal for lack of merit. [Doc. 40-17: Grande Ex. 13 at 1].

---

18: Brown Aff. at ¶ 12].

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The exhaustion of administrative remedies must occur before a civil action is commenced. Porter, 534 U.S. at 516. A prisoner may not exhaust her administrative remedies during the pendency of a § 1983

7

action.  Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP").  [Doc. 40-5: Grande Ex. 1].  See N.C. Gen. Stat. § 148-118.1 *et seq.*; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).  Under the ARP, an inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three.  [Doc. 40-5: Grande Ex. 1].  A decision at step three of the ARP exhausts the prisoner's remedies under the PLRA.  [Doc. 40-4: Grande Aff. at ¶ 4].

The undisputed forecast of evidence before the Court demonstrates that prior to the filing of the Complaint in this civil action, the Plaintiff had not exhausted the grievance related to his claim that wearing boxers to the shower violates his religious rights.  Because the Plaintiff failed to complete the exhaustion requirement before he initiated this lawsuit, his claim must be dismissed pursuant to the PLRA.  42 U.S.C. § 1997e(a); Germain, 653 F. App'x at 234; French, 442 F. App'x at 846.  Defendant Hamilton's motion for summary judgment is therefore granted due to the Plaintiff's failure to exhaust his administrative remedies.

## B. Free Exercise

Even if the Plaintiff had properly exhausted his administrative remedies, his § 1983 claim for the alleged violation of his right to the free exercise of his religion would be subject to dismissal on the merits.

The Free Exercise Clause of the First Amendment states that "Congress shall make no law … prohibiting the free exercise [of religion]." U.S. Const. Amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a prisoner must show that "(1) he [held] a sincere religious belief; and (2) a prison practice or policy place[d] a substantial burden on his ability to practice his religion." Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018); see generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). This analysis requires deference to prison officials in an examination of: (1) whether there is "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether

there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) whether there are "ready alternatives." Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019) (quoting Turner, 482 U.S. at 89-91).

The Plaintiff contends that Defendant Hamilton substantially burdened his religious practice by instructing staff to require inmates to walk to the shower in boxers when the Plaintiff's religion requires him to be clothed from the belt to his ankles "ankle at all times." [Doc. 1: Complaint at 2-3]. He appears to argue that this also violated NCDPS policy, which gives inmates the right to cover themselves. [Id. at 5].

To the extent that the Plaintiff alleges that Defendant Hamilton violated NCDPS policies, he has failed to forecast any evidence of such violation. In any event, a policy violation by itself fails to state a § 1983 claim. See Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

10

Case 1:18-cv-00365-MR   Document 44   Filed 07/28/21   Page 10 of 12

As for the Plaintiff's substantial burden claim, Defendant Hamilton has presented a forecast of evidence that inmates were allowed to wear boxers and a t-shirt and to carry "necessary toiletries," including a towel, to the shower. [Doc. 40-21: Hamilton Aff. at ¶¶ 12-13; Doc. 40-17: Grande Ex. 13 at 3]. NCDPS's religious services policy, which provides guidance on authorized faith groups' basic beliefs and authorized practices, has "no restrictions or allowances for additional clothing during showering" for adherents of Islam. [Doc. 40-18: Brown Aff. at ¶ 11-12]. The Plaintiff has failed to forecast any objective evidence that having to walk to the shower in boxer shorts was a substantial burden on his religion.

Even if the Plaintiff had demonstrated a substantial burden, his First Amendment claim would nevertheless fail because Defendant Hamilton has presented a forecast of evidence that the shower policy is reasonably related to legitimate penological interests. Inmates "were to wear only a t-shirt, boxers, and shower shoes for security reasons," *i.e.*, "to prevent the flow of contraband throughout the unit." [Doc. 40-21: Hamilton Aff. at ¶ 13; Doc. 40-17: Grande Ex. 13 at 3]. The Plaintiff has failed to rebut the foregoing or otherwise create a genuine dispute of material fact regarding whether the shower policy was reasonably related to a legitimate penological purpose. Therefore, even if Plaintiff had properly exhausted his administrative

11

Case 1:18-cv-00365-MR    Document 44    Filed 07/28/21    Page 11 of 12

remedies, Defendant Hamilton would be entitled to summary judgment on Plaintiff's First Amendment claim.[6]

## V. CONCLUSION

For the reasons stated herein, the Court will grant Defendant Hamilton's Motion for Summary Judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment [Doc. 37] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Signed: July 28, 2021

_____
Martin Reidinger
Chief United States District Judge

---

[6] Because there is no evidence that Defendant Hamilton violated the Plaintiff's clearly established rights, the Defendant is entitled to qualified immunity with respect to this claim as well.